UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

       v.                                                    3:12-CR-518

RAMON ORTIZ,

                                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

       Defendant Ramon Ortiz was convicted of Rape in the Third Degree in violation of New York Penal Law § 130.25(2).  As such, he was required to register as a sex offender in the State of New York.  Ortiz was residing in Binghamton, New York under the supervision of the New York State Division of Parole and was required to wear an ankle bracelet.  Ortiz removed the ankle bracelet on or about January 25, 2012.  On February 6, 2012, it was discovered that Ortiz had been absent since January 25.  On June 22, 2012, Ortiz was found residing in Connecticut.  Ortiz did not register as a sex offender in Connecticut.

       Ortiz was indicted in New York State for failing to comply with the New York State Sex Offender Registration Act.  Ortiz pled guilty to that offense.  In November 2012, Ortiz was indicted by a federal grand jury for his failure to register, which is the subject of the instant matter.

       Defendant moves to dismiss the Indictment on the grounds that: (1) New York has not yet implemented SORNA; (2) punishing him for violating SORNA violates the Ex Post

Facto and Due Process clauses of the United States Constitution; (3) Congress lacks authority to force individuals convicted of purely local offenses to register as sex offenders; (4) SORNA exceeds Congress's authority under the Commerce Clause; and (5) SORNA infringes upon state power in violation of the Tenth Amendment.

As Defendant recognizes, these arguments have been rejected by the Second Circuit Court of Appeals.  United States v. Guzman, 591 F.3d 83 (2d Cir. 2010); United States v. Hester, 589 F. 3d 86 (2d Cir. 2009).  He raises the arguments for purposes of preserving them "for his appeal and possible Supreme Court review."  He also contends that the Supreme Court's decision in Nat'l Fed'n of Ind. Bus. (NFIB) v. Sebelius, ___ U.S. ___, 132 S.Ct. 2566 (2012), that Congress cannot regulate inactivity, undermines the Second Circuit's conclusion in Guzman.  For the reasons stated in United States v. Lott, — F. Supp.2d — (D. Vt. Dec. 10, 2012); and United States v. Moore, 2012 WL 3780343, at *3, (E.D. Wa. 2012), coupled with the fact that, in this case, Defendant was engaged in interstate commerce (he traveled from New York to Connecticut and, in doing so, failed to register), the Court finds that NFIB does not undermine Guzman.  Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated:January 30, 2013

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge